TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JAMES A. SANTIAGO (Cal. Bar No. 300459)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2229
     Facsimile: (213) 894-0141
     E-mail:    james.santiago@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 20-cr-00590-RGK |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION REGARDING DEFENDANT CESAR CASTILLO-PENA |
| v. | |
| CESAR CASTILLO-PENA, | Hearing Date: October 25, 2021 |
| Defendant. | Hearing Time: 1:30 P.M. |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorney James A. Santiago, hereby files its Sentencing Position Regarding Defendant Cesar Castillo-Pena ("defendant").

This position is based upon the attached memorandum of points and authorities, the files and records in this case, the Presentence Report (Dkt. 37, "PSR") prepared by the United States Probation and Pretrial Services Office ("USPO"), and such further evidence and

1

argument as the Court may wish to consider at the time of sentencing.

The government reserves the right to file a response to defendant's sentencing position, if necessary.

Dated: October 8, 2021      Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

          /s/ *James A. Santiago*
JAMES A. SANTIAGO
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

Cesar Castillo-Pena ("defendant") knowingly and intentionally distributed approximately 4.7 kilograms of pure methamphetamine across four transactions, and possessed a loaded firearm during the last transaction. He pleaded guilty pursuant to a written plea agreement to distribution of approximately 3 kilograms of pure methamphetamine as charged in count five of the indictment, which carries a 10-year mandatory minimum sentence. (Dkts. 33, 35.)

The government agrees with the calculations in the PSR that defendant is in criminal history category I and that the total offense level is 37, with an applicable Guidelines range of 210 to 262 months' imprisonment. For the reasons set forth below, the government recommends a low-end 210-month sentence of imprisonment, followed by five years of supervised release, and a $100 special assessment.

**II.  FACTUAL AND PROCEDURAL BACKGROUND**

The government agrees that the PSR contains an accurate summary of defendant's conduct up to November 5, 2020. (PSR ¶¶ 16-24.) Defendant distributed a total of approximately 4.7 kilograms of pure methamphetamine across four transactions in 2020. (Dkt. 33 ("Plea Agr.") ¶ 14; PSR ¶¶ 17-24, 30, 32.)

- Between August 12, 2020 and August 15, 2020, a confidential source ("CS") discussed the sale of methamphetamine with a person who knew defendant. Defendant then agreed to sell methamphetamine to the CS and had an associate distribute a total of 354.2 grams of pure methamphetamine to the CS for $3,200 on August 18,

1

2020.  Of the 354.2 grams of pure methamphetamine, 12.2 grams were for free.  (Plea Agr. ¶ 14; PSR ¶¶ 17-18, 30.)

- Between September 12, 2020 and September 15, 2020, defendant discussed the sale of methamphetamine with the CS.  Defendant sold 496.4 grams of pure methamphetamine to the CS for $3,200 on September 15, 2020.  (Plea Agr. ¶ 14; PSR ¶¶ 19, 30.)

- Between October 8, 2020 and October 14, 2020, defendant discussed the sale of methamphetamine with the CS.  Defendant sold 852 grams of pure methamphetamine to the CS for $6,200 on October 14, 2020.  (Plea Agr. ¶ 14; PSR ¶¶ 20-21, 30.)

- Between November 1, 2020 and November 5, 2020, defendant discussed the sale of methamphetamine with the CS.  Defendant sold 3.024 kilograms of pure methamphetamine to the CS on November 5, 2020.  (Plea Agr. ¶ 14; PSR ¶¶ 22-24, 30.)  Defendant expected payment of $19,250.  (Plea Agr. ¶ 14; PSR ¶¶ 22.)  Law enforcement arrested defendant at the transaction, where defendant possessed a .22 caliber pistol loaded with five rounds of ammunition and a stun gun in his car.  (Plea Agr. ¶ 14; PSR ¶ 23.)

**III. SENTENCING GUIDELINES**

The USPO calculated a criminal history category of I, based on defendant's lack of a criminal history.  (See PSR ¶¶ 44-49.)  The government agrees with this calculation.

As to offense level, the parties and PSR agree that the base offense level is 38 under U.S.S.G. § 2D1.1(a)(5) based on defendant's responsibility for distributing 4.7 kilograms of actual

2

methamphetamine across four transactions.  (See PSR ¶¶ 31; Plea Agr. ¶ 16.)  Additionally, the parties and PSR agree there should be a two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) because defendant possessed a firearm at the November 5, 2020 transaction. (See PSR ¶¶ 33-34; Plea Agr. ¶ 16.)  Finally, defendant should also receive a three-level reduction for acceptance of responsibility. (See PSR ¶¶ 40-41; Plea Agr. ¶ 5(d).)  Accordingly, the total offense level is 37, and the Guideline range is 210 to 262 months' imprisonment.  (See PSR ¶ 93.)

**IV.   GOVERNMENT'S SENTENCING RECOMMENDATION**

Consistent with its obligations in the plea agreement, and based on its consideration of the factors set forth in 18 U.S.C. § 3553(a), the government recommends that the Court impose a low-end sentence of 210 months' imprisonment, followed by five years of supervised release.

A substantial custodial sentence is warranted in light of the seriousness of defendant's criminal conduct.  Defendant distributed 4.7 kilograms of pure methamphetamine across four transactions, received payment of $12,600, and expected an additional payment of $19,250 for the last transaction.  (See PSR ¶¶ 17-24, 32)  Defendant brought a loaded .22 caliber pistol to the last transaction.  (See PSR ¶¶ 34)  As the Guidelines explain, possessing a weapon "reflects the increased danger of violence" in drug trafficking crimes. U.S.S.G. § 2D1.1, App. Note 11(A).  The Guidelines range accounts for the large quantity of narcotics that defendant trafficked, and his possession of a firearm in connection with the offense.  The Guidelines also reflect defendant's acceptance of responsibility, and his lack of criminal history, by placing him in category I.

Accordingly, a within-Guidelines sentence, specifically, a low-end sentence of 210 months imprisonment, is warranted to account for the nature and circumstances of defendant's conduct, deter defendant, and protect the public from future crimes by defendant involving firearms and trafficking in dangerous narcotics.

The government also recommends the Court impose a five-year term of supervised release, in light of the factors identified at 18 U.S.C. § 3583(c). (See PSR ¶¶ 95-96.) Given that defendant is a non-citizen and is likely to be deported, a five-year supervised release term will provide the needed additional incentive for defendant to refrain from committing future crimes in the United States and will protect the public from further crimes by defendant. (See 18 U.S.C. § 3583(c); 18 U.S.C. § 3553(a)(2)(B),(C).)

**V.   CONCLUSION**

For the reasons set forth above, the government recommends that the Court sentence defendant to 210 months' imprisonment, followed by five years of supervised release, and a $100 special assessment.

Dated: October 8, 2021         Respectfully submitted,

TRACY WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

         /s/ *James A. Santiago*
JAMES A. SANTIAGO
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

4