UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL

| Case No. | 2:20-cr-00590-RGK | Date | June 20, 2024 |
|---|---|---|---|
| Title | USA v. Cesar Castillo-Pena | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE |
|---|---|

| Joseph Remigio | Not Reported | James A. Santiago |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Assistant U.S. Attorneys |

| U.S.A. v. Castillo-Pena | Present | Cust | Bond | Attorneys for Defendants: | Present | App | Ret |
|---|---|---|---|---|---|---|---|
| | N | X | | Pro Se | | | |

**Proceedings:**   (IN CHAMBERS) Order Re: Motion to Modify Sentence (DE 49)

### I. INTRODUCTION

On November 8, 2021, Cesar Castillo-Pena ("Defendant") was charged in a six-count indictment, including a count for Possession of a Firearm in Furtherance of Drug Trafficking Crimes.

On March 22, 2024, Cesar Castillo-Pena ("Defendant") filed a Motion to Modify Sentence under 18 U.S.C. § 3582(c)(2), seeking a two-point reduction in his sentence under Amendment 821 § 4C1.1 of the Sentencing Guidelines ("§ 4C1.1"). For the following reasons the Court **DENIES** Defendant's Motion.

### II. FACTUAL BACKGROUND

In 2020, Defendant participated in four transactions selling methamphetamine. During Defendant's last transaction, law enforcement seized from Defendant's car the suspected methamphetamine, in addition to a loaded firearm, and arrested Defendant.

Defendant was charged in a six-count indictment, and pled guilty to Count 5: Distribution of Methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii). The base offense level for this crime was 38. Because Defendant possessed a firearm during the commission of the crime, there was a two-level enhancement. Defendant then received a three-level reduction for his acceptance of responsibility. Defendant's total offense level was 37, with Criminal History Category I due to no prior criminal history. The advisory guideline range was 210 to 262 months.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| Case No. | 2:20-cr-00590-RGK | Date | June 20, 2024 |
|---|---|---|---|
| Title | *USA v. Cesar Castillo-Pena* | | |

On November 8, 2021, the Court sentenced Defendant to 180 months in prison, and 5 years of supervised release. Defendant is currently serving his sentence at Sandstone FCI, with a minimum release date of October 14, 2033. He has served approximately 29 months.

### III.   JUDICIAL STANDARD

18 U.S.C. § 3582(c)(2) "provides for the modification of a term of imprisonment by giving courts the power to reduce an otherwise final sentence in circumstances specified by the Commission." *United States v. Brito*, 868 F.3d 875, 879 (9th Cir. 2017). Under § 3582(c)(2), district courts are required to make a two-step inquiry. *Dillon v. United States*, 560 U.S. 817, 826 (2010). First, a court must determine that defendant is eligible for a sentence reduction under § 3582(c)(2) and a reduction is consistent with § 1B1.10 of the Sentencing Guidelines. *See id*. Second, if the defendant is eligible, a court must consider the applicable factors under §3553(a) to determine whether it is in the courts discretion to authorize a reduction. *Id*.

### IV.   DISCUSSION

Upon motion of the defendant, a court may reduce a defendant's term of imprisonment if the sentencing range which imprisonment was based on has been subsequently lowered by the Sentencing Commission under 28 U.S.C. 994(o). 18 U.S.C. § 3582(c)(2). Section 1B1.10 explains that under certain situations, a defendant can seek a sentence reduction based on retroactive application of amendments to the Sentencing Guidelines, including those contained in § 4C1.1. *See* U.S. Sent'g Guidelines Manual § 1B1.10(d) (U.S. Sent'g Comm'n 2023). Offenders with zero criminal history points who meet all ten requirements under § 4C1.1, including a requirement that "defendant did not possess . . . [or] transport . . . a firearm or other dangerous weapon in connection with the offense," are allowed a two-offense-level reduction. *See* U.S. Sent'g Guidelines Manual § 4C1.1(a)(7) (U.S. Sent'g Comm'n 2023).

Under § 4C1.1(a)(7), a defendant is found to possess a firearm "in connection with" a drug offense when the circumstances indicate that the firearm was possessed to protect the defendant from the dangers of their work, and defendant lacked a plausible alternative explanation for possessing the firearm. *See United States v. Ferryman*, 444 F.3d 1183, 1186 (9th Cir. 2006).

Here, Defendant kept a loaded firearm in his car while participating in a planned distribution of methamphetamine. Defendant has not provided an alternative explanation for possessing the firearm. Under the circumstances, Defendant's possession of the firearm was likely "in connection" with his

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CRIMINAL MINUTES - GENERAL

| Case No. | 2:20-cr-00590-RGK | Date | June 20, 2024 |
|---|---|---|---|
| Title | *USA v. Cesar Castillo-Pena* | | |

offense of Distribution of Methamphetamine. Therefore, Defendant is barred from receiving a sentence reduction under § 4C1.1(a)(7).

## V.  CONCLUSION

For the foregoing reason, the Court **DENIES** Defendant's Motion to Modify Sentence.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | JRE/vc |